**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SILVESTRE SANCHEZ AGUILAR, LUCAS PAZ BARRERA, PEDRO LUIS AGUILAR LOPEZ, EDWARD A. MARTINEZ, JORGE ADALBERTO VELAZQUEZ TOLEDO, RONALDO GONZALEZ VALDEZ, ADOLFO MERCADO-PEREZ, JOSE ANTONIO DE JESUS DONIS DE PAZ, OSCAR VIDAL OLIVARES ESCOBAR, and CRISTIAN ALEXANDER GARCIA PORTILLO, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown,** | **Case No. 16-cv-02216** |
| **Plaintiffs,** | |
| **v.** | |
| **JLK ENTERPRISES LLC, an Illinois limited liability company, d/b/a GRAND CAR WASH, JOHN KAMYSZ, an individual, and MICHAEL KAMYSZ, an individual,** | |
| **Defendants.** | |

**<u>COMPLAINT</u>**

The Plaintiffs, Silvestre Sanchez Aguilar, Lucas Paz Barrera, Pedro Luis Aguilar Lopez, Edward A. Martinez, Jorge Adalberto Velazquez Toledo, Ronaldo Gonzalez Valdez, Adolfo Mercado-Perez, Jose Antonio De Jesus Donis de Paz, Oscar Vidal Olivares Escobar, and Cristian Alexander Garcia Portillo (collectively, the "Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, and by and through their attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complain against Defendants, JLK

Enterprises LLC d/b/a Grand Car Wash ("Grand Car Wash"), John Kamysz, and Michael

Kamysz (collectively, the "Defendants"), as follows:

**Nature of the Suit**

1.       This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201,

*et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago

Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for

Defendants' failure to pay Plaintiffs, and other similarly situated employees, their minimum

wages and overtime pay. Plaintiffs, and other similarly situated employees, are current and

former car wash employees of the Defendants.

2.       Defendants elected to pay Plaintiffs, and other car wash employees, using a tip

credit. Defendants paid hourly wages below the minimum wage and purported to use tips to

make up the difference. However, Defendants committed numerous minimum wage and tip

credit violations which invalidated the tip credit and required Defendants to pay Plaintiffs, and

other car wash employees, the full minimum wage. Defendants' violations included: (a) paying

insufficient direct (or cash) wages; (b) making unlawful deductions from Plaintiffs' wages for

employer expenses which further reduced Plaintiffs' wages below the minimum wage; (c) failing

to make up the difference between Plaintiffs' wages and tips when they failed to meet the

minimum wage; (d) operating an invalid tip pool in which management retained tips; (e)

requiring Plaintiffs to regularly perform non-tipped work at hourly rates below the minimum

wage; and (f) failing to notify Plaintiffs of the tip credit rules and regulations, including their

intention to claim a tip credit.

3.      Defendants further violated federal, state, and city overtime laws by failing to pay Plaintiffs and other car wash employees an overtime premium when they regularly worked more than 40 hours in individual workweeks.

4.      This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as the representative parties are attached as Group Exhibit A. See Group Exh. A.

**Jurisdiction and Venue**

5.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiffs' state law and city ordinance claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**The Parties**

7.      Plaintiff, Silvestre Sanchez Aguilar ("Sanchez Aguilar"), is a current employee of the Defendants. Mr. Sanchez Aguilar has been a car wash employee of the Defendants since approximately November 2014.

8.       Plaintiff, Lucas Paz Barrera ("Paz Barrera"), is a current employee of the Defendants. Mr. Paz Barrera has been a car wash employee of the Defendants since approximately July 2015.

9.      Plaintiff, Pedro Luis Aguilar Lopez ("Aguilar Lopez"), is a current employee of the Defendants. Mr. Aguilar Lopez has been a car wash employee of the Defendants from approximately 2003 through 2011 and from approximately 2013 through the present.

10.    Plaintiff, Edward A. Martinez ("Martinez"), is a current employee of the Defendants. Mr. Martinez has been a car wash employee of the Defendants since approximately November 2014.

11.    Plaintiff, Jorge Adalberto Velazquez Toledo ("Velazquez Toledo") is a former employee of the Defendants. Mr. Velazquez Toledo was a maintenance and car wash employee of the Defendants from approximately 2010 through April 2015.

12.    Plaintiff, Ronaldo Gonzalez Valdez ("Gonzalez Valdez"), is a current employee of the Defendants. Mr. Gonzalez Valdez has been a maintenance and car wash employee of the Defendants since approximately 2007.

13.    Plaintiff, Adolfo Mercado-Perez ("Mercado-Perez"), is a current employee of the Defendants. Mr. Mercado-Perez has been a maintenance and car wash employee of the Defendants from approximately 2012 through 2014 and from August 2015 to the present.

14.    Plaintiff, Jose Antonio De Jesus Donis de Paz ("De Jesus Donis de Paz"), is a current employee of the Defendants. Mr. De Jesus Donis de Paz has been a car wash employee of the Defendants from approximately 2003.

15.    Plaintiff, Oscar Vidal Olivares Escobar ("Olivares Escobar"), is a current employee of the Defendants. Mr. Olivares Escobar has been a car wash employee of the Defendants since approximately March 2015.

16.    Plaintiff, Cristian Alexander Garcia Portillo ("Garcia Portillo"), is a current employee of the Defendants. Mr. Garcia Portillo has been a car was employee of the Defendants since approximately 2010.

17.    Plaintiffs reside in and are domiciled within this judicial district.

4

18.     Defendant Grand Car Wash is operated by JLK Enterprises, an Illinois limited liability company, and is doing business as a car wash at 6747 W. Grand Avenue in Chicago, Illinois.

19.     Defendant Grand Car Wash is a car wash and auto detailing establishment providing wash and detail services to the general public. Grand Car Wash also sells car care products, tire shine products, and other retail goods.

20.     Defendant Grand Car Wash's managing members and registered agent are located within this judicial district.

21.     Upon information and belief, Defendant Grand Car Wash earned more than $500,000 in annual gross revenue during 2012, 2013, 2014 and 2015.

22.     During the course of their employment, Plaintiffs, and other car wash employees, used and handled goods and materials, including cleaning products, equipment, machines, and vacuums, that moved in interstate commerce.

23.     Upon information and belief, Defendant John Kamysz is the owner of Defendant Grand Car Wash. John Kamysz is a managing member of JLK Enterprises.

24.     Defendant John Kamysz possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. In furtherance of these duties, Defendant John Kamysz hired and fired Plaintiffs and other car wash employees, set the schedules of Plaintiffs and other car wash employees, set the rate of pay and determined the method of pay for Plaintiffs and other car wash employees. John Kamysz was the ultimate decision-maker with regard to the terms and conditions of the employment of Plaintiffs and all other car wash employees.

25.     Defendant John Kamysz resides in and is domiciled within this judicial district.

26.     Defendant Michael Kamysz directly supervised the Plaintiffs, and other car wash employees, on a day-to-day basis. In this capacity, Michael Kamysz also possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

27.     Upon information and belief, Defendant Michael Kamysz resides in and is domiciled within this judicial district.

**Common Allegations**

28.     Defendants compensated Plaintiffs, and other car wash employees, on an hourly basis.

29.     Plaintiffs' car washing duties included washing and drying cars and vacuuming.

30.     Named Plaintiffs Sanchez Aguilar, Paz Barrera, Aguilar Lopez, Martinez, Mercado-Perez, De Jesus Donis de Paz, Olivares Escobar and Garcia Portillo as well as other car wash employees were paid $3.00 per hour during the last three years before the filing of this suit.

31.     Named Plaintiffs Velazquez Toledo, Gonzalez Valdez, and Mercado-Perez were paid $4.00 per hour as car wash employees who also performed maintenance-related tasks during the last three years before the filing of this suit.

32.     In addition to Defendants' direct hourly wages, Plaintiffs, and other car wash employees, customarily and regularly received tips and gratuities paid by customers.

33.     Plaintiffs and other car wash employees customarily and regularly received more than $30.00 per month in tips.

34.     During the last three years before the filing of this suit, Defendants elected to claim a tip credit by paying Plaintiff, and other car wash employees, a lower direct (or cash) wage and using tips to make up the difference between the direct wages and the minimum wage.

35.     Defendants violated tip credit requirements by failing to pay sufficient direct wages to Plaintiffs and other car wash employees.

36.     In addition, Defendants further reduced the direct wages of Plaintiffs, and other car wash employees, below the minimum wage by improperly deducting employer costs and expenses from wages, including repair costs and other expenses related to accidental damage to customer cars.

37.     Furthermore, based on the total direct wages and tips paid to Plaintiffs and other car wash employees, Plaintiffs and other employees were paid less than the minimum wage in individual workweeks.

38.     Defendants failed to properly take a tip credit by failing to ensure that the Plaintiffs, and other car wash employees, received sufficient tips in order to make up the difference between Defendants' direct wage payments and the minimum wage.

39.     Defendants also required Plaintiffs, and other car wash employees, to regularly perform work outside the scope of their tipped occupation while continuing to pay them below the minimum wage. Defendants required Plaintiffs, and other car wash employees to perform maintenance-related tasks, including repairing the car wash machine and equipment. Plaintiffs also cleaned the car wash, shoveled snow on the premises, and washed and dried towels. Lastly, Plaintiffs performed other non-tipped work at Defendants' other properties and businesses, including a storage facility in Chicago, Illinois, a coin-operated car wash in Mount Prospect, Illinois, and at a ranch outside of Kenosha, Wisconsin.

7

40.     Defendants further violated tip credit requirements by operating an illegal tip pool. In lieu of allowing car wash employees to retain all tips, Defendants operated an unlawful tip pool in which non-tipped employees, including management, participated. For example, Defendants retained all credit card tips from customers.

41.     Defendants further failed to notify Plaintiffs, and other car wash employees, of the FLSA tip credit subsection or of Defendants' intention to claim a tip credit under the FLSA or IMWL.

42.     Plaintiffs, and other car wash employees, were directed to work, and did work, more than 40 hours per week.

43.     Most commonly, Plaintiffs and other car wash employees worked six (6) or seven (7) days per week from open to close.

44.     Defendants' car wash was open from 8:00 a.m. to 6:00 p.m. Monday through Saturday and from 8:00 a.m. to 5:00 p.m. on Sunday.

45.     Accordingly, Plaintiffs, and other car wash workers, worked as many as 69 hours in individual workweeks.

46.     Defendants did not compensate Plaintiffs, and other car wash employees, at one and one-half times the statutory minimum wage for hours worked in excess of 40 in individual work weeks.

47.     Defendants never paid Plaintiffs, and other car wash employees, an overtime premium when they worked more than 40 hours in a work week.

48.     Defendants paid the wages of Plaintiffs and other car wash employees in cash. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies.

49.     In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

50.     Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

## COUNT I
## Violation of the Fair Labor Standards Act – Minimum Wages

51.     Plaintiffs hereby incorporate paragraphs 1 through 50 as though stated herein.

52.     During the last three years before the filing of this suit, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

53.     During the last three years before the filing of this suit, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

54.     Throughout Plaintiffs' employment, Defendants employed other car wash employees who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213

55.     Plaintiffs, and other car wash employees, were "tipped employees" within the meaning of 29 U.S.C. § 203(t).

56.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

57.     Defendant Grand Car Wash was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

58. Pursuant to 29 U.S.C. § 206, Plaintiffs as well as other non-exempt car wash employees were entitled to be compensated according to the applicable minimum wages under the FLSA.

59. Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiffs and other car wash employees; making unlawful deductions to wages thereby further reducing their wages below the minimum wage; and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiffs, and other car wash employees, failed to meet the minimum wage.

60. Defendants violated the tip credit and minimum wage provisions of this section by operating an invalid tip pool and retaining employee tips.

61. Defendants violated tip credit and minimum wage provisions of this section by requiring Plaintiffs, and other car wash employees, to perform non-tipped work not within the scope of a tipped occupation while continuing to pay them sub-minimum, tip credit wages.

62. Defendants violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs and other car wash employees of the tip credit subsection, 29 U.S.C. § 203(m), and any of its related requirements.

63. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs and car wash employees the minimum wage was willful and not in good faith. Defendants committed numerous minimum wage violations and paid Plaintiffs' wages in order to conceal Plaintiffs' hours worked and their own failure to pay the minimum wage. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate

federal and state agencies. Defendants further violated the Act's recordkeeping, notice and posting requirements.

        **WHEREFORE**, the Plaintiffs, Silvestre Sanchez Aguilar, Lucas Paz Barrera, Pedro Luis Aguilar Lopez, Edward A. Martinez, Jorge Adalberto Velazquez Toledo, Ronaldo Gonzalez Valdez, Adolfo Mercado-Perez, Jose Antonio De Jesus Donis de Paz, Oscar Vidal Olivares Escobar, and Cristian Alexander Garcia Portillo, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

      A.      Judgment in the amount of unpaid minimum wages found due;

      B.      Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

      C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

      D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Minimum Wages

64.      Plaintiffs hereby incorporate paragraphs 1 through 50 as though stated herein.

65.      During the last three years before the filing of this suit, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

66.      During the last three years before the filing of this suit, Plaintiffs were not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

67.      Throughout Plaintiffs' employment, Defendants employed other car wash employees who were similarly not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

11

68.     Plaintiffs and other car wash employees were tipped employees within the meaning of 820 ILCS 105/4(c).

69.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

70.     Pursuant to 820 ILCS § 105/4, Plaintiffs as well as other non-exempt car wash employees were entitled to be compensated according to the applicable minimum wages under the IMWL.

71.     Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiffs and other car wash employees; making unlawful deductions to wages thereby further reducing their wages below the minimum wage; and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiffs, and other car wash employees, failed to meet the minimum wage.

72.     Defendants violated the tip credit and minimum wage provisions of this section by operating an invalid tip pool and retaining employee tips.

73.     Defendants violated tip credit and minimum wage provisions of this section by requiring Plaintiffs, and other car wash employees, to perform non-tipped work not within the scope of a tipped occupation while continuing to pay them sub-minimum, tip credit wages.

74.     Defendants violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs and other car wash employees of the tip credit subsection and any of its related requirements.

**WHEREFORE**, the Plaintiffs, Silvestre Sanchez Aguilar, Lucas Paz Barrera, Pedro Luis Aguilar Lopez, Edward A. Martinez, Jorge Adalberto Velazquez Toledo, Ronaldo Gonzalez

Valdez, Adolfo Mercado-Perez, Jose Antonio De Jesus Donis de Paz, Oscar Vidal Olivares Escobar, and Cristian Alexander Garcia Portillo, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

    A.    Judgment in the amount of unpaid minimum wages found due;

    B.    Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

75.    Plaintiffs hereby incorporate paragraphs 1 through 50 as though stated herein.

76.    Plaintiffs, and other car wash employees, were each an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and were not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

77.    During the course of Plaintiffs' employment, Defendants employed other car wash employees who were similarly not exempt from the minimum wage provisions of the CMWO.

78.    Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

79.    Under § 1-24-020(a), Plaintiffs, as well as other non-exempt car wash employees, were entitled to be compensated according to the minimum wage requirements of CMWO.

80.    Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiffs and other car wash employees; making unlawful deductions to wages thereby further reducing their wages below the minimum wage;

13

and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiffs, and other car wash employees, failed to meet the minimum wage.

81. Defendants violated the tip credit and minimum wage provisions of this section by operating an invalid tip pool and retaining employee tips.

82. Defendants violated tip credit and minimum wage provisions of this section by requiring Plaintiffs, and other car wash employees, to perform non-tipped work not within the scope of a tipped occupation while continuing to pay them sub-minimum, tip credit wages.

83. Defendants violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs and other car wash employees of the tip credit subsection and any of its related requirements.

**WHEREFORE**, the Plaintiffs, Silvestre Sanchez Aguilar, Lucas Paz Barrera, Pedro Luis Aguilar Lopez, Edward A. Martinez, Jorge Adalberto Velazquez Toledo, Ronaldo Gonzalez Valdez, Adolfo Mercado-Perez, Jose Antonio De Jesus Donis de Paz, Oscar Vidal Olivares Escobar, and Cristian Alexander Garcia Portillo, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Fair Labor Standards Act – Overtime Wages**

14

84.     Plaintiffs hereby incorporate paragraphs 1 through 50, 52, 56, and 57 as though stated herein.

85.     During the last three years before the filing of this suit, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

86.     During the course of Plaintiffs' employment, Defendants employed other car wash employees who were similarly not exempt from the overtime wage provisions of the FLSA.

87.     Under 29 U.S.C. § 207, for all weeks during which Plaintiffs and other non-exempt car wash employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

88.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

89.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants paid Plaintiffs' wages in cash to conceal Plaintiffs' hours worked and their own failure to pay overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiffs, Silvestre Sanchez Aguilar, Lucas Paz Barrera, Pedro Luis Aguilar Lopez, Edward A. Martinez, Jorge Adalberto Velazquez Toledo, Ronaldo Gonzalez Valdez, Adolfo Mercado-Perez, Jose Antonio De Jesus Donis de Paz, Oscar Vidal Olivares Escobar, and Cristian Alexander Garcia Portillo, on behalf of themselves and all other Plaintiffs

15

similarly situated, known and unknown, pray for a judgment against Defendants, JLK

Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz,, as follows:

A.    Judgment in the amount of unpaid overtime compensation found due at the rate of
      one and one-half times Plaintiffs' regular hourly rates of pay for all hours which
      Plaintiffs worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime
      compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action;
      and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
## Violation of the Illinois Minimum Wage Law – Overtime Wages

90.    Plaintiffs hereby incorporate paragraphs 1 through 50, 65, and 69 as though stated

herein.

91.    During the last three years before the filing of this suit, Plaintiffs were not exempt

from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

92.    During the course of Plaintiffs' employment, Defendants employed other car

wash employees who were similarly not exempt from the overtime wage provisions of the

IMWL.

93.    Under 820 ILCS § 105/4(a), for all weeks during which Plaintiffs and other non-

exempt car wash employees worked more than 40 hours, they were entitled to be compensated at

a rate of one and one-half times their regular hourly rates of pay.

94.    Defendants' failure and refusal to pay overtime wages for hours worked in excess

of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS §

105/4(a).

**WHEREFORE**, the Plaintiffs, Silvestre Sanchez Aguilar, Lucas Paz Barrera, Pedro Luis Aguilar Lopez, Edward A. Martinez, Jorge Adalberto Velazquez Toledo, Ronaldo Gonzalez Valdez, Adolfo Mercado-Perez, Jose Antonio De Jesus Donis de Paz, Oscar Vidal Olivares Escobar, and Cristian Alexander Garcia Portillo, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

A.  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.  Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

95.  Plaintiffs hereby incorporate paragraphs 1 through 50 as though stated herein.

96.  Plaintiffs, and other car wash employees, were each an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and were not exempt from the overtime wage provisions of the CMWO, § 1-24-050.

97.  During the course of Plaintiffs' employment, Defendants employed other car wash employees who were similarly not exempt from the overtime wage provisions of the CMWO.

98.  Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

99.     Under § 1-24-040, for all weeks during which Plaintiffs, and other non-exempt car wash employees, worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

100.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

**WHEREFORE**, the Plaintiffs, Silvestre Sanchez Aguilar, Lucas Paz Barrera, Pedro Luis Aguilar Lopez, Edward A. Martinez, Jorge Adalberto Velazquez Toledo, Ronaldo Gonzalez Valdez, Adolfo Mercado-Perez, Jose Antonio De Jesus Donis de Paz, Oscar Vidal Olivares Escobar, and Cristian Alexander Garcia Portillo, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.     Statutory damages in the amount of three times the amount of unpaid overtime wages found due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Dated: February 12, 2016

Respectfully submitted,
Silvestre Sanchez Aguilar, Lucas Paz
Barrera, Pedro Luis Aguilar Lopez, Edward
A. Martinez, Jorge Adalberto Velazquez
Toledo, Ronaldo Gonzalez Valdez, and
Adolfo Mercado-Perez, Jose Antonio De
Jesus Donis de Paz, Oscar Vidal Olivares
Escobar, and Cristian Alexander Garcia
Portillo, on behalf of themselves and all
other Plaintiffs similarly situated, known
and unknown, Plaintiffs


/s/ Nicholas P. Cholis
_____
One of the Plaintiffs' Attorneys


Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiffs
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net